FILED
2007 Aug-14 AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RICK MCCARVER,**  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>**PPG INDUSTRIES, INC.,** an  )<br>**Alabama corporation,**  )<br>)<br>Defendant.  )<br> ) | Civil Action Number<br>**5:06-cv-02343-UWC** |

**MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO STRIKE**

Presently before the Court is Defendant PPG Industries, Inc.'s ("PPG") Motion to Strike. (Doc. 53.) For the reasons that follow, the Court concludes that PPG's motion is due to be granted.

**FACTUAL BACKGROUND**

Plaintiff Rick McCarver ("Plaintiff") filed suit against PPG under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, alleging sex discrimination by PPG, his former employer. (Compl. ¶ 1.) Plaintiff also brings claims for outrageous behavior, intentional infliction of emotional distress, breach of contract, and sexual harassment. (Compl. ¶¶ 15-26.)

On March 22, 2007, PPG took Plaintiff's deposition. Following that deposition, Plaintiff submitted a "Transcript Errata Sheet," which made changes to twelve different

portions of his deposition testimony. (*See* Def.'s Motion to Strike, Doc. 53 at Ex. A.) PPG alleges that Plaintiff's "Transcript Errata Sheet" should be stricken because Plaintiff made substantive changes, rather than typographical corrections, to his deposition. Further, PPG argues that Plaintiff failed to comply with Federal Rule of Civil Procedure 30(e) by failing to provide a explanation for his proposed changes.

## APPLICABLE LAW

Federal Rule of Civil Procedure 30(e) provides:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed. R. Civ. P. 30(e).

Rule 30(e) permits the deponent to make changes to the deposition transcript that correct substantive or formal errors made by the court reporter. *See Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D.La. 1992). However, "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000); *see also Greenway*, 144 F.R.D. at 325 ("The Rule cannot be interpreted to allow one to alter what was said under oath.").

Even where a deponent's changes are permitted, the deponent must "sign a statement reciting such changes **and the reasons given by the deponent for making them**." Fed. R. Civ. P. 30(e) (emphasis added).

## ANALYSIS

This Court finds that the changes Plaintiff proposes in his "Transcript Errata Sheet" are substantive in nature and, therefore, impermissible under Rule 30(e).

Plaintiff's deposition testimony reads:

> Q: Did she dress provocatively in the workplace, or was that even possible in that plant?
>
> A: The -- actually, the handbook say that you are not supposed to, but I considered what she wore to be provocative.

(Doc. 53, Ex. B at 54:22-55:5.)  Plaintiff seeks to correct his answer to state, "I actually meant to say 'not appropriate for work.'" (Doc. 53, Ex. A at 2.)   Another excerpt of Plaintiff's deposition records:

> Q: Would you agree with me that if Mr. Faulds found something like Exhibit 11 in your toolbox, it would be less of a stretch for him to believe Ms. Isibister's allegation?... [objection to form omitted]
>
> A: I could see that. I mean, that -- that seems representative of -- you know.

(Ex. B at 74:20-75:7.)  In his "Transcript Errata Sheet" Plaintiff writes, "I did not finish my thought; I was going to finish up with "someone who has a juvenile character and thinks tshirts like that are amusing."  (Ex. A at 2.)

These proposed corrections, as well as the others contained in Plaintiff's

3

"Transcript Errata Sheet", make changes in the substance of Plaintiff's deposition testimony. Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Greenway*, 144 F.R.D. at 325.

Moreover, even if Plaintiff's proposed changes were permissible, his "Transcript Errata Sheet" does not comply with Rule 30(e) because it does not provide the reasons for Plaintiff's proposed changes.

Accordingly, PPG's Motion to Strike will be granted by separate order.

Done the 14th day of August, 2007.

						_____
						U.W. Clemon
						United States District Judge